IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


KEITH EDWARD ASHLOCK                                                      PLAINTIFF

      v.                                    Civil No.  11-6071

CHARLES PIKE, Bus ID No. 1598,
d/b/a AAA Transport & Auto Sales,
Hot Springs, Arkansas                                                    DEFENDANT



## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff, Keith Edward Ashlock, pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis*.  Plaintiff is incarcerated at the Arkansas Department of Correction, East Arkansas Regional Unit, in Brickeys, Arkansas.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me on Defendant's motion to dismiss (ECF No. 11).  Plaintiff has not responded to the motion to dismiss.

### 1.  Background

According to the allegations of the complaint, on November 15, 2009, Plaintiff pulled his truck into the Waffle House Restaurant in Hot Springs, Arkansas.  An unidentified police officer pulled in beside Plaintiff.

Plaintiff maintains the officer immediately called a towing service, AAA Transport and Auto Sales.  Although neither the owner of the restaurant nor any of his employees called asking that his

-1-

truck be towed, Plaintiff states it was towed from the parking lot which was private property.

On November 17, 2009, Plaintiff alleges he went to the impound yard to try to retrieve his vehicle. Instead, Plaintiff states he ended up in jail. Plaintiff maintains there was no reason to tow the truck and his rights were violated by the actions of the Defendant.

As relief, Plaintiff seeks actual damages for the value of the truck and items inside it and compensatory damages for pain, suffering, and mental anguish. He also seeks punitive damages.

**2. Discussion**

To state a claim under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *See West v. Atkins,* 487 U.S. 42, 48 (1988). Although "'detailed factual allegations are not required,'" a complaint must include enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

Here, Defendant argues the case must be dismissed for lack of jurisdiction, improper venue, and failure to state a claim upon which relief may be granted. Defendant argues he is a private business operator who did not act under color of law. He therefore contends this case belongs in the Arkansas State courts.

Based on what is currently before the Court, the Plaintiff has stated a plausible claim against the Defendant. It has been held that private towing services act under color of state law for purposes of § 1983 when they tow a vehicle at the request of law enforcement officials. *See e.g., Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007). This is precisely what Plaintiff alleged occurred in

-2-

this instance.

### 3.  Conclusion

For the reasons stated, I recommend that the Defendant's motion to dismiss (ECF No. 11) be denied.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of June 2012.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE