IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KEITH EDWARD ASHLOCK                                                    PLAINTIFF

          v.                          Civil No.  11-6071

OFFICER LACKEY; and
OFFICER McINTOSH                                                      DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff, Keith Edward Ashlock, pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis*.  Plaintiff is incarcerated in the Arkansas Department of Correction, Ouachita River Correctional Unit in Malvern, Arkansas.

Plaintiff was not incarcerated on November 17, 2009 when the events at issue in this case occurred.  Plaintiff maintains that the Defendants, both officers of the City of Hot Springs Police Department, violated his constitutional rights when they had his vehicle towed after he was given traffic citations.

**1. Background**

On November 15th, Plaintiff was issued citations for driving on a suspended licence and failure to provide proof of insurance.  *Defendants' Exhibits* (hereinafter *Defts' Ex.*)H & M.  On November 17, 2009, at approximately 2:15 a.m., Officer Chris Lackey stopped a 1991 Blue Chevrolet S-10 being driven by the Plaintiff for no license plate.  *Defts' Ex.* A; *Plaintiff's Response* (Doc. 58)(hereinafter *Resp.*) at ¶ 8.  The vehicle pulled over into a Waffle House parking lot.  *Defts' Ex.* H.  Because of the time of day Officer Brock McIntosh arrived at the location of the stop in case

-1-

back up was needed. *Defts' Exs.* H-I. McIntosh did not make the decision to issue Plaintiff traffic citations or to have the truck towed. *Id.*

Lackey issued Plaintiff citations for driving on a suspended license, no proof of liability insurance, and no seat belt. *Defts' Ex.* A; *Resp.* at ¶ 11. Plaintiff was not the registered owner of the truck. *Defts' Ex. B.* The registered owner was Donald Standridge from Rowland, Arkansas. *Defts' Exs.* B & C. Plaintiff, however, maintains he had recently purchased the truck and had a bill of sale. *Resp.* at ¶ 12.

Plaintiff did not appear to be intoxicated, under the influence of drugs, or suffering from any physical or mental impairment. *Defts' Exs.* H & I. Plaintiff was not taken into custody. *Defts' Ex.* H; *Resp.* at ¶ 16.

After the stop, in accordance with the vehicle tow and wrecker service policy, Lackey inventoried the contents of the truck and noted any vehicle damage to the truck on the vehicle tow report. *Defts' Exs.* B & N. The truck was then towed by AAA Transport. *Defts' Ex.* J. AAA Transport was on the list of approved towing companies utilized by the Hot Springs Police Department and was the next company on the rotation list at the time the tow was called for. *Id.* The vehicle was towed because Plaintiff's driver's license was suspended. *Defts' Ex.* B. Plaintiff pleaded no contest to driving with a suspended license and no proof of liability insurance. *Defts' Ex.* B; *Resp.* at ¶ 17.

On November 19th, Plaintiff was arrested for public intoxication. *Defts' Exs.* D & L. On November 21st, Hot Springs Police Officers responded to a call regarding a possible breaking or entering in progress at AAA Transport. *Defts' Ex.* K. Plaintiff was attempting to steal the truck back after having been unable to pay the entire tow bill earlier in the day. *Defts' Ex.* K; *Resp.* at ¶ 19. Plaintiff was arrested for commercial burglary, two counts of breaking or entering, criminal mischief,

disorderly conduct, and public intoxication. *Defts' Ex.* K*; Resp.* at ¶ 18.  Plaintiff was convicted of criminal mischief in the first degree and commercial burglary. *Defts' Ex.* K; *Resp.* at ¶ 20.

AAA Transport twice notified the record owner, Standridge, that the vehicle had been impounded by order of the Hot Springs Police Department. *Defts' Exs.* E-F.  AAA Transport also provided notice by publication through the Sentinal Record on December 18, 19, and 20 that the vehicle would be sold if not claimed on or before forty-five days of the tow date. *Defts' Ex.* G. AAA Transport waited the legal amount of time before having the truck crushed and sold as scrap metal. *Defts' Ex.* C.

Plaintiff challenged the towing of the vehicle to the State of Arkansas Towing & Recovery Board. *Defts' Ex.* C.  AAA Transport was found to have followed the requirements of the Board's rules and the applicable law. *Id.*

## 2. Applicable Standard

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.  "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson*

-3-

*v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986)).  "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (*citing, Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)).

### 3.  Discussion

Defendants maintain they are entitled to judgment in their favor for the following reasons: (1) Plaintiff has no standing to challenge the towing of the vehicle; (2) no constitutional violation exists; (3) they are entitled to qualified immunity; and (4) the is no basis on which the City of Hot Springs may be held liable.

In opposition, Plaintiff argues that the vehicle was unlawfully towed and held for ransom. He maintains his vehicle was lawfully parked on a private parking lot belonging to the Waffle House. *Resp.* at ¶ 3.  As such, he claims that under the Hot Springs Police Department policy it was improper to tow the vehicle without a valid search and seizure warrant.  *Id.* at ¶ 26.  He asserts that neither he nor the owners of the Waffle House asked for the vehicle to be towed.  *Id.*  As the result of the vehicle being towed, Plaintiff states he was forced to live on the street for a week.  *Resp.* at ¶ 7.

### A.  Standing

In order to assert a claim, an individual must have standing.  "Article III of the United States Constitution confines the federal courts to adjudicating actual 'cases and controversies.'"  *Boyle v. Anderson*, 68 F.3d 1093, 1100 (8th Cir. 1995)(citation omitted).  "Article III standing is a threshold question in every federal court case."  *United States v. One Lincoln Navigator*, 328 F.3d 1011, 1013(8th Cir. 2003).  "To have standing, a party must have 'a personal stake in the outcome of the controversy.'"  *In re MBA Poultry, LLC,* 295 F.3d 886, 888 (8th Cir. 2002)(*quoting, Warth v. Seldin*, 422 U.S. 490, 498-99 (1975)).  "To satisfy this requirement, the plaintiff must have 'a definite and

-4-

concrete controversy involving adverse legal interests at every stage in the litigation . . . for which the court can grant specific and conclusive relief.'" *Potthoff v. Morin*, 245 F.3d 710, 715 (8th Cir. 2001)(citation omitted).

While Plaintiff was not the registered owner of the truck, he has asserted under oath that he had a bill of sale for it.  Further, the contents of the vehicle belonged to the Plaintiff.  These factors are sufficient to confer standing on the Plaintiff.

### (B).  Lawfulness of the Towing

Defendants maintain the towing of the vehicle was clearly authorized by Ark. Code Ann. § 27-22-109(2).  This section provides as follows:

> (2) If an operator of a motor vehicle is unable to present proof of insurance coverage to a law enforcement officer as required under § 27-22-104, the motor vehicle may be impounded at the officer's discretion if one (1) or more of the following occur:
>
> (A) The driver is operating a motor vehicle on a cancelled, suspended, or revoked driver's license in violation of § 27-16-303;
>
> (B) The driver is operating the motor vehicle without a driver's license in violation of § 27-16-602; or
>
> (C) The driver is operating a motor vehicle:
>
> (i) Without a license plate in violation of § 27-14-304;

*Id.*

Clearly, Arkansas law authorizes the impoundment and towing of the vehicle in question. Plaintiff plead no contest to driving on a suspended license.  *Resp.* at ¶ 17.

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. A traffic stop is a seizure under the Fourth Amendment. *Whren v. United States*, 517 U.S. 806, 809–10 (1996).  "A traffic violation, however minor, provides probable cause sufficient to satisfy the

constitutional reasonableness requirement." *United States v. Frasher*, 632 F.3d 450, 453 (8th Cir. 2011)(citation omitted).

Plaintiff maintains the tow was unlawful because his vehicle was on private property. He notes that the Hot Springs Police Department towing policy states that "no vehicle will be ordered towed from private property by a member of this Department unless a warrant exists for seizing the vehicle or the vehicle[] meets the normal requirement for warrant-less seizure from private property." *Defts' Ex.* N, pg. 3, § 4.3.1.

Plaintiff's reliance is misplaced. He is ignoring the fact that his vehicle was on private property solely because he had been pulled over for a traffic stop. It is undisputed that Plaintiff's driver license was suspended. There was no other person present to drive the vehicle. Plaintiff did not have the permission of the property owner to leave the vehicle there. Plaintiff had no connection with the property. There is no Fourth Amendment violation.

### (C). Deprivation of Property

The Fourteenth Amendment protects against deprivations without due process of law. *Parratt v. Taylor*, 451 U.S. 527, 537 (1981). "The Due Process Clause of the Fourteenth Amendment requires that prior to an action that will affect an interest in property, a State must provide notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Muhammed v. Rough Wrecker Service*, 14 F.3d 24 (8th Cir. 1994)(internal quotation marks and citations omitted). Notice was given to the registered owner. It was Plaintiff's failure to register the vehicle that resulted in the notification being sent to Standridge.

Moreover, Plaintiff's procedural due process rights were not violated because he had

adequate post-deprivation remedies.  *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984)(intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available); *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994)(negligent or intentional deprivation of prisoner's property fails to state claim under § 1983 if state has adequate post-deprivation remedy); *Elliot v. Hurst*, 307 Ark. 134, 817 S.W.2d 877, 880 (1991)(cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right).

### 4.  Conclusion

For the reason stated, I recommend that Defendants' motion for summary judgment (Doc. 48) be granted and the case dismissed with prejudice.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of February 2014.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE